**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---------------------------------------------------------------

| | |
|---|---|
| THE LOUISIANA FORESTRY ASSOCIATION, INC., et al., | ) |
| | ) |
| | ) |
| Plaintiffs | ) |
| v. | )    CIVIL NO: 11-1623 |
| | ) |
| HILDA SOLIS, et al., | )    JUDGE DRELL |
| | ) |
| Defendants. | )    MAGISTRATE JUDGE KIRK |
| | ) |
| COMITÉ DE APOYO A LOS TRABAJADORES | ) |
| AGRÍCOLAS (CATA), et al., | ) |
| | ) |
| Defendant-Intervenors. | ) |

---------------------------------------------------------------

**DEFENDANT-INTERVERNORS' MEMORANDUM IN SUPPORT**
**OF MOTION TO DISMISS**
**OR ALTERNATIVELY TO TRANSFER VENUE**

Katie Schwartzmann
    Louisiana Bar No. 30295
Southern Poverty Law Center
4431 Canal Street
New Orleans, La 70119-5946
Telephone: (504) 486-8982
Facsimile: (504) 486-8947
Email: Katie.Schwartzmann@splcenter.org

Attorneys for Defendant Intervenors

## TABLE OF CONTENTS

STATEMENT OF THE CASE AND MOTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.  The *CATA v. Solis* Litigation in the Eastern District of Pennsylvania  . . . . . . . . . . . . . . . . . 1

B.  The Plaintiff Associations Were Aware Of The *CATA* Litigation . . . . . . . . . . . . . . . . . . . . . .4

C.  The Instant Case Seeks To Collaterally Attack The Orders In *CATA v. Solis* . . . . . . . . . . . . 5

ARGUMENT

    PRINCIPLES OF COMITY AND THE ORDERLY ADMINISTRATION OF JUSTICE
    REQUIRE PLAINTIFFS' COMPLAINT TO BE DISMISSED OR TRANSFERRED TO
    THE EASTERN DISTRICT OF PENNSYLVANIA WHERE PLAINTIFFS' CLAIMS
    MAY BE HEARD WITHOUT CREATING IRRESOLVABLE CONFLICTS. . . . . . . . .  6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .12

i

# TABLE OF AUTHORITIES

## CASES

*Bergh v. State of Washington,* 535 F.2d 505 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brittingham v. U.S. Comm. of Internal Revenue,* 451 F.2d 315 (5th Cir. 1971) . . . . . . . . . .6, 10

*CATA v. Solis,* 2010 WL 3431761 (E.D. Pa. August 31, 2010) . . . . . . . . . . . . . . . . . . . . *passim*

*Common Cause v. Judicial Ethics Committee,* 473 F. Supp. 1251 (D.D.C. 1979) . . . . . . . . . . 8

*Exxon Corp v. US Dept. of Energy,* 594 F. Supp. 84, 89-90 (D. Del. 1984) . . . . . . . . . . . . . . 8

*Feller v. Brock,* 802 F.2d 722, 728 (4th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-10

*NAACP v. Brock,* 619 F.2d 846 (D.D.C. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*In re Volkswagen of America, Inc.*, 545 F.3D 304 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . .9

*Save Power Limited v. Syntek Finance Corp.,* 121 F.3D 947 (5th Cir. 1997). . . . . . . . . . . . . .11

*Schauss v. Metals Depository Corp.,* 757 F.2d 649 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . 10

*Sutter v. P & P Indus.*, Inc., 125 F. 3d 914 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*The Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999) . . . . . . . . . . . . .  10

*Treadaway v. Academy of Motion Picture Arts,* 783 F.2d 1418 (9th Cir. 1986). . . . . . . . . . .   7

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F. 2d 721 (5th Cir. 1985). . . . . . . . .10

## STATUTES AND REGULATIONS

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

20 C.F.R. § 655.10(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

75 Fed. Reg. 61577 (October 5, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

76 Fed. Reg. 3452 (Jan 19, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

76 Fed. Reg. 21036-21040 (April 14, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

76 Fed. Reg. 37686 (June 28, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

76 Fed. Reg. 45667 (Aug. 1, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

-----------------------------------------------------------------

| | | |
|---|---|---|
| THE LOUISIANA FORESTRY ASSOCIATION, INC., et al., | ) ) ) | |
| Plaintiffs | ) | |
| v. | ) ) | CIVIL DOCKET NO: 11-1623 |
| HILDA SOLIS, et al., | ) ) | JUDGE DRELL |
| Defendants. | ) ) | MAGISTRATE JUDGE KIRK |
| COMITÉ DE APOYO A LOS TRABAJADORES AGRÍCOLAS (CATA), et al., | ) ) ) | |
| Defendant-Intervenors. | ) | |

-----------------------------------------------------------------

## DEFENDANT-INTERVERNORS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER VENUE

Defendant-Intervenors move this Court to dismiss this action or, alternatively, to transfer venue to the Eastern District of Pennsylvania.  As set forth below, the principles of comity and the public interest in the orderly administration of justice require dismissal or transfer because Judge Louis H. Pollak of the United States District Court for the Eastern District of Pennsylvania first asserted jurisdiction over this matter in the *Comité de Apoyo a Los Trabajadores Agrícolas ("CATA"), et al. v. Hilda Solis, et al., Civ. No. 2:09-cv-240* and issued numerous orders in that case that Plaintiffs' complaint in this action seeks to collaterally attack.

### STATEMENT OF THE CASE AND MOTION

A.     The *CATA v. Solis* Litigation in the Eastern District of Pennsylvania

In January 2009 several worker associations, including Defendant-Intervenors herein, filed *CATA v. Solis*, to challenge a number of the United States Department of Labor's ("DOL")

H-2B rules and regulations including the methodology used by DOL to calculate prevailing wage rates for H-2B jobs.  The *CATA* plaintiffs alleged that this wage methodology, hereafter referred to as the "skill-level methodology" was substantively flawed because it allowed employers to pay wages far below the average surveyed wage for any particular job and caused the very adverse effect on U.S. workers that DOL was charged with preventing.  The *CATA* plaintiffs also alleged that the skill-level wage methodology was procedurally flawed.

On summary judgment, Judge Pollak of the Eastern District of Pennsylvania entered a detailed order in favor of the plaintiffs in *CATA v. Solis*, holding that DOL's skill-level wage methodology was invalid because it had been adopted without notice and comment and because no rational explanation had ever been given for the methodology despite the fact that the public had pointed out fundamental problems with that methodology.  *CATA,* 2010 WL 3431761, at *18-19 (E.D. Pa. August 31, 2010) (copy attached as Ex. 1).   The Court found that these errors were "serious" and warranted vacating the skill-level methodology.  *Id.* at *25.   However, inasmuch as vacatur would have left a significant regulatory gap in DOL's scheme for protecting U.S. and H-2B workers, rather than vacate, the Court gave DOL "120 days to publish new, valid regulations for determining the prevailing wage rate in the H-2B program," leaving the skill-level methodology in place in the meantime. *Id.* at *25.   In response to the *CATA* plaintiffs' concerns about the continued use of the skill-level wage rates, Judge Pollak held that, pending issuance of the new wage rule, DOL could issue conditional certifications requiring employers to promise to increase their wage rates to the new level as soon as the new methodology became effective. *CATA,* Order of Nov. 24, 2010 at 3-4 (Copy attached as Exhibit 2).  The Court noted that issuing such conditional certifications was a "sensible measure" that would "minimize the effects of the invalid [skill-level] methodology." *Id.* at 8.

In response to Judge Pollak's orders, DOL published a new wage methodology (labeled "Wage Rule I" in the current complaint) on January 19, 2011. 76 Fed. Reg. 3452 (Jan 19, 2011). In its explanation of the new rule, DOL admitted that use of the skill-level methodology was causing an adverse effect, just as the *CATA* plaintiffs had alleged:

> The four-tier [wage] structure [of the current regulation] artificially lowers the wage to a point that it no longer represents a market-based wage for the occupation.  The H-2B worker, along with domestic workers recruited against the application, who are being paid a significantly lower wage than two-thirds of those in that area of employment cannot help but have a depressive effect on those around him.
>
> Continuing the current calculation methodology that relies on the four tier structure does not provide adequate protections to U.S. and H-2B workers.

76 Fed. Reg. 3452 at 3466, 3477 (Jan. 19, 2011).   DOL's new methodology sought to correct these problems by setting the prevailing wage at the highest of (1) any applicable collective bargaining wage, (2) the Davis-Bacon or Service Contract Act prevailing wage; or (3) the average wage found by the Bureau of Labor Statistic's OES survey.  20 C.F.R. § 655.10(b).

Although DOL admitted that the skill-level methodology was causing an adverse effect, it chose to delay the effective date of the new methodology for nearly a year until January 1, 2012.  DOL's only justification for this delay in replacing the invalid skill-level methodology was the hardship that implementing the new methodology would cause employers. *See* 76 Fed. Reg. at 3462.  DOL did, however, begin issuing conditional certifications just as the *CATA* court had suggested.  Those conditional certifications required employers to promise, as a condition of receiving permission to employ H-2B workers, that they would raise their rates to the new prevailing wage as soon as it became effective. *See* 76 Fed. Reg. 21036-21040 (April 14, 2011).

The *CATA* plaintiffs, believing the long delay in the effective date of the new wage rule was contrary to the Court's intent to replace the skill-level methodology as quickly as possible, filed a motion for further relief asking the Court to declare that effective date illegal.  Judge Pollak granted that motion on June 16, 2011, holding that DOL's consideration of employer hardship in setting the effective date was a violation of both the Administrative Procedure Act (APA) and the Immigration and Nationality Act (INA).  *CATA,* Order of June 16, 2011 at 9-10 (copy attached as Exhibit 3).  Judge Pollak unequivocally held that "the statutory authority for granting H-2B visas leaves no room for consideration of employer hardship." *Id.* at 9.  Accordingly the Court vacated the January 1, 2012 effective date and ordered DOL to promulgate a new effective date for the January 19, 2011 wage rules.  The Court was emphatic that "because of the already protracted delay in implementing a valid prevailing wage regime, the court will expect that, within forty-five (45) days, the DOL will . . . announce a new effective date." *Id.* at 12.

As a result of the strict time-limit imposed by the Court's June 16 Order, DOL was able to allow for only a limited public comment period, 76 Fed. Reg. 37686 (June 28, 2011), before issuing a new effective date for of September 30, 2011 for the new wage regulations. 76 Fed. Reg. 45667 (Aug. 1, 2011) ("Wage Rule II" in the instant complaint).

B.     The Plaintiff Associations Were Aware Of The *CATA* Litigation

The Plaintiff Associations in the instant case (and their members) were well aware of the *CATA* litigation, having received repeated notice of the case via the DOL's Notices of Proposed Rulemaking for both Wage Rule I and Wage Rule II – each of which explicitly referred to the *CATA* litigation, and each of which prompted the Plaintiff Associations to file comments with the DOL.  75 Fed. Reg. 61577 (October 5, 2010);  76 Fed. Reg. 37686 (June 28, 2011).  Despite

4

this notice, the Plaintiff Associations chose not to intervene in *CATA* to object to or appeal its rulings regarding conditional certification, employer hardship, or the shortened period for commenting on the effective date.   Instead, the Plaintiff Associations filed this collateral attack upon the judgment and holdings in *CATA*.  The *CATA* plaintiffs and several H-2B workers have moved to intervene in this action and, through the instant motion, seek to have this action dismissed or transferred to the Eastern District of Pennsylvania where Plaintiffs' arguments may be considered without creating the potential for conflicting orders.

C.      The Instant Case Seeks To Collaterally Attack The Orders In *CATA v. Solis*

The Plaintiff Associations' Complaint directly attacks the Orders issued by Judge Pollak in *CATA* in at least four ways:

(1) The Plaintiff Associations seek to enjoin implementation of the new wage regulations ordered by the *CATA* Court, thereby allowing the current skill-level wage methodology to remain in place indefinitely. Complaint ¶1 and Prayer for Relief ¶¶1-4 (Doc. 1 at 3, 49-50).  Keeping the current skill-level methodology in place would directly violate Judge Pollak's holding that the skill-level methodology is legally invalid and should be replaced "as quickly as possible," *CATA,* 2010 WL 3431761 at *18-19 (Ex. 1); *CATA,* Order of June 16, 2011 at 5 (Ex. 2).

(2) The Plaintiff Associations seek to relitigate the question of whether DOL is permitted to consider employer hardship when promulgating H-2B wage regulations, *see* Complaint ¶ 64 (Doc. 1 at 27) (challenging Wage Rule II on the ground that "DOL relie[d] on the *CATA* court's decision . . . for the proposition that DOL cannot consider 'the economic hardship on small business.'"), in direct violation of Judge Pollak's Order of June 16 (Ex. 3) which clearly held that DOL is not permitted to consider employer hardship when setting prevailing wages and that doing so violates both the APA and the INA.  *CATA,* Order of June 16, 2011 (Ex. 3).

(3) The Plaintiff Associations ask this Court to find that DOL "unreasonably limited the amount of time the public would be permitted to comment on the [the September 30 effective date rule], Complaint ¶ 74 (Doc 1 at 30), even though the short time period for rule-making was mandated by the Court in *CATA*. *CATA,* Order of June 16 at 12 (Ex. 3).

(4)   The Plaintiff Associations ask this Court to invalidate DOL's actions in issuing conditional certifications that require employers currently employing H-2B workers to pay the new wage rates as soon as they become effective on September 30. *See* Complaint Prayer for Relief ¶7 (declare Wage Rule II "not applicable to, nor enforceable against, any employer of an employee with an H-2B visa issued pursuant to an approved labor certification issued on or before September 29, 2011). Judge Pollak, however, explicitly held that "nothing in the regulations preclude[s] DOL from issuing conditional certifications," particularly when the initially certified wage is "the product of an invalid regulation." *CATA v. Solis,* Order November 24, 2010 at 3-4. (Copy Attached as Ex 2).  DOL followed Judge Pollak's advice and issued conditional certifications in reliance upon his holding that it was authorized to do so, yet the Plaintiff Associations challenge the conditional certifications their members signed as illegal.

Such bald-faced attempts to appeal one district court's judgment and orders to another district court not only has the potential to subject the Department of Labor to irreconcilable commands but demonstrates a fundamental disrespect for the comity of the federal courts.

## ARGUMENT

PRINCIPLES OF COMITY AND THE ORDERLY ADMINISTRATION OF JUSTICE REQUIRE PLAINTIFFS' COMPLAINT TO BE DISMISSED OR TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA WHERE PLAINTIFFS' CLAIMS MAY BE HEARD WITHOUT CREATING IRRESOLVABLE CONFLICTS.

Prudence requires that, whenever possible, coordinate courts should avoid issuing conflicting orders. *See Brittingham v. U.S. Comm. of Internal Revenue,* 451 F.2d 315, 318 (5th

Cir. 1971) (""[C]omity dictates that courts of coordinate jurisdiction not review, enjoin or otherwise interfere with one another's jurisdiction . . .  [t]he proper exercise of restraint in the name of comity keeps to a minimum the conflicts between courts administering the same law, conserves judicial time and expense, and has a salutary effect upon the prompt and efficient administration of justice."); *Feller v. Brock,* 802 F.2d 722, 728 (4th Cir. 1986); *Treadaway v. Academy of Motion Picture Arts,* 783 F.2d 1418, 1421 (9th Cir. 1986).

Here the potential for conflicting orders between this Court and the Court in *CATA v. Solis* is inescapable.  The Plaintiff Associations' preliminary injunction motion asks this Court to continue indefinitely the very skill-level wage methodology that Judge Pollak held to be invalid and ordered replaced as quickly as possible.  Moreover, the Plaintiff Associations ask this Court to hold that "Wage Rule II" setting the effective date for the new wage regulations is arbitrary and capricious precisely because DOL followed Judge Pollak's command that it not consider hardship on employers in setting the effective date for those regulations and because it followed his order limiting the period during which comments could be filed.  Plaintiffs also challenge Judge Pollack's order upholding conditional certifications.  In these circumstances, the public interest in the orderly administration of justice counsels not only against denying Plaintiff's requested preliminary injunction, but in favor of dismissing this action altogether or transferring it to Judge Pollak in the Eastern District of Pennsylvania where Plaintiffs' arguments may be considered without creating conflicting orders.  *See Feller v. Brock,* 802 F.2d at 727-729 (dissolving a preliminary injunction against a DOL wage regulation based on comity grounds and strongly suggesting to the district court that it consider the advisability of dismissing the action altogether or transferring to the court whose orders were in danger of being contradicted); *Bergh v. State of Washington,* 535 F.2d 505 (9th Cir. 1976) (denying preliminary injunction and

dismissing case on comity grounds); *Exxon Corp v. US Dept. of Energy,* 594 F. Supp. 84, 89-90 (D. Del. 1984) (transferring case to court that entered order subject to collateral attack); *Common Cause v. Judicial Ethics Committee,* 473 F. Supp. 1251, 1253 (D.D.C. 1979) (dismissing case because of potential for conflicting orders).

The Fourth Circuit's opinion is *Feller v. Brock* is particularly instructive.  In *Feller,* employers sought a preliminary injunction in the Western District of Virginia invalidating DOL regulations setting the wage rates for H-2 workers, which had resulted from an order by the federal district court for the District of Columbia.  The Western District of Virginia granted the preliminary injunction despite the potential for conflict with the D.C. district court and[1] the Fourth Circuit held that doing so was an "abuse of discretion" for three reasons.  *Feller,* 802 F.2d at 727.  First, it "reversed the status quo by ordering certification of foreign workers at [wage] rates less than those required by law, as interpreted in the District of Columbia."  *Id.*  Second, it struck an inappropriate balance between the hardship to plaintiff employers and defendant DOL because employers faced "wholly financial" hardship, whereas DOL was forced to "choose between coordinate courts and to knowingly violate an outstanding court order" and thus to bear a hardship "implicat[ing] basic principles of judicial obedience [that] cannot be valued in monetary terms."  *Id.*  Finally, the Fourth Circuit found that the Western District of Virginia "did a grave disservice to the public interest in the orderly administration of justice" which "counsel against the creation of conflicts" between coordinate courts.  *Id.* at 727-728.  The Fourth Circuit did not stop at vacating the preliminary injunction.  It went on to note that "discretion requires a

---

[1] There was more than a potential for conflict.  Contempt motions were filed and the District of Columbia court found DOL to be in violation of its orders although it stopped short of imposing sanctions.  *NAACP v. Brock,* 619 F.2d 846, 850 (D.D.C. 1985).  DOL could find itself in a similarly untenable position if this Court retains jurisdiction over this action and enters orders that conflict with Judge Pollak's.

district court to decline to hear a claim seeking relief from a judgment entered by a coordinate court, at least where it is apparent that the parties can seek redress in the issuing court." *Id.* at 728. "As an alternative to . . . dismissal, the district court might consider the possibility of transferring this case to the District of Columbia under 28 U.S.C. § 1404(a)." *Id.* at 729 n. 7.

The facts of *Feller* are indistinguishable from the instant case. There, as here, H-2 employers sought to evade their responsibility to pay a wage rate resulting from one district court's order by seeking an injunction invalidating that wage rate in a different district court. There, too, the employers seeking the injunction had not been party to the original lawsuit that resulted in the wage rate the employers were challenging. (As in *CATA v. Solis,* that original action was between worker organizations and the DOL). But as the Fourth Circuit recognized, while the formal doctrine of comity "technically applies only when two suits involving identical parties issues are pending in separate forums . . . there is an underlying policy of judicial administration" that militates against issuing a preliminary injunction under such circumstances or even hearing the case. *Id.* at 728. Moreover, as in *Feller,* the obvious way to avoid conflict between coordinate courts is to dismiss this action or transfer venue under 28 U.S.C. § 1404(a ) to the Eastern District of Pennsylvania where the Plaintiff Associations can litigate their claims and seek reconsideration of the orders they find legally objectionable.[2]

---

[2] The requirements of 28 U.S.C. § 1404(a) are clearly met. The Plaintiffs' action could have been brought in Pennsylvania as that court clearly had jurisdiction over DOL and DHS. Moreover, because this is an APA action, transfer factors such as the availability of compulsory process, convenience of witnesses and parties, and other considerations that make trial easy, *see In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), are simply not relevant. Nor are there questions of local interest that should be decided in Louisiana, *id.,* since the Plaintiff Associations are seeking preliminary and permanent injunctive relief against regulations with nationwide effect. The one transfer factor (in addition to comity interests) that is relevant, the familiarity of the forum with the issues, *id.,* counsels in favor of transfer.

The Fifth Circuit is just as committed as the court in *Feller v. Brock* to the principle that comity interests are advanced when "courts of coordinate ranks are respectful of each other's orders, as well as careful to avoid hindering each other's proceedings," *Schauss v. Metals Depository Corp.,* 757 F.2d 649, 654 (5th Cir.1985) (reversing judgment of Texas court two years after it was entered on comity grounds because it conflicted with an order of a New York court that the Texas court was unaware of); *Brittingham v. U.S. Comm. of IRS,* 451 F.2d at 318.

The Fifth Circuit most frequently addresses comity issues in cases implicating its "first-to-file" rule – which holds that "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast Dist. of ILA, AFL-CIO,* 751 F. 2d 721, 728 (5th Cir. 1985). That rule promotes comity by asking federal district courts to "exercise care to avoid interference with each other's affairs." *Id.* Intervenors recognize that the first-to-file rule is generally applied where two pending cases have been filed relatively close in time and where neither court has had an opportunity to issue substantive rulings, a situation somewhat different from the present one.[3] Nevertheless the comity principles that the rule was adopted to advance – to "avoid the waste of duplication, rulings which may trench upon the authority of sister courts, and . . . avoid piecemeal resolution of issues that call for a uniform result" are equally applicable, if not more applicable, to the present situation. *Id.* at 728-29; *see also The Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603-604 (5th Cir. 1999); *Sutter v. P & P Indus.*, Inc., 125 F. 3d 914, 917 (5th Cir. 1997)

_____

[3]   Here, significant, substantive orders have been entered in *CATA v. Solis* and the litigation was closed in early September, although the Court retains jurisdiction to enforce its orders – precisely the situation that existed in the *Feller v. Brock* case where the Fourth Circuit applied comity principles in favor of the District of Columbia court noting that, even though "the litigation there has ended," "the district court's supervisory power over its injunction continues." 802 F.2d at 728.

("The so called first to file rule is a by product of the well-established axiom that: . . . . courts of coordinate jurisdiction and equal rank [should] exercise care to avoid interference with each other's affairs.") (internal quotations omitted).

As the Fifth Circuit has recognized when applying the first-to-file rule, comity principles do not require identity of parties between two suits. *See Save Power Limited v. Syntek Finance Corp.,* 121 F.3D 947, 951 (5th Cir. 1997). *Save Power* held that the district court abused its discretion in denying a transfer motion where, as here, a disgruntled third-party sought a preliminary injunction to collaterally attack an order entered previously by a different district court. The Fifth Circuit held that the test for whether comity required dismissal or transfer is not whether the issues or parties are identical, but instead is whether there is "substantial overlap" between the two suits based on three factors: the extent of overlap of the issues, the likelihood of conflict that would stem from two separate court orders, and the interest of each forum in resolving the dispute. *Id.* at 950-51.

There can be no doubt that the Plaintiff Associations' Complaint "substantially overlaps" with the *CATA* litigation, which resolved several of the major issues raised by the instant complaint: that the skill-level methodology is legally invalid, that DOL provided appropriate time for notice and comment on both Wage Rule I and Wage Rule II, that DOL is not permitted to consider employer hardship in setting wage rates and their effective dates, and that DOL can issue conditional certifications. The fact that there may be other issues raised by the Plaintiff Associations' Complaint does not preclude application of comity principles where there is such substantial overlap; to the contrary, it counsels in favor of transfer to the first-filed court to ensure consistent results. *Id.* at 951 (applying rule where the first-filed court did not address all of the issues raised by the third-party's subsequently filed preliminary injunction motion, but did

settle the "overarching question" at hand).  Nor is there any question of the likelihood of conflict

that could stem from this court's consideration of the current complaint, or of the interest that the

Eastern District of Pennsylvania has in its orders.  Thus all of the factors set forth in *Save Power*

that compel dismissal or transfer on comity grounds are present in this case.

## CONCLUSION

For all of the foregoing reasons, the fundamental principle of comity that "courts of

coordinate ranks [be] respectful of each other's orders, as well as careful to avoid hindering each

other's proceedings," *Schauss,* 757 F.2d at 654, compel the dismissal of this action or,

alternatively, transfer to the Eastern District of Pennsylvania.

Dated:  September 19, 2011

                                                    Respectfully submitted,


                                                    s/   Katie M. Schwartzmann_____
                                                    Katie Schwartzmann
                                                         Louisiana Bar No. 30295
                                                    Southern Poverty Law Center
                                                    4431 Canal Street
                                                    New Orleans, La 70119-5946
                                                    Telephone: (504) 486-8982
                                                    Facsimile: (504) 486-8947
                                                    Email: Katie.Schwartzmann@splcenter.org

                                                    Mary Bauer
                                                         Alabama Bar No. ASB-1181R76B
                                                    Southern Poverty Law Center
                                                    400 Washington Avenue
                                                    Montgomery, Alabama 36104
                                                    Telephone: (334) 956-8393
                                                    Facsimile: (334) 956-8481
                                                    Email: Mary.Bauer@splcenter.org

Edward Tuddenham – Trial Attorney
        New York Attorney 2155810
228 W. 137th St.
New York New York 10030
Telephone: 212-234-5953
Facsimile:  (512) 532-7780
Email:  etudden@prismnet.com

Arthur N. Read
        Pennsylvania Attorney 29360
Friends of Farmworkers, Inc.
42 S 15th St, Suite 605
Philadelphia, PA 19102-2205
Telephone: (215) 733-0878
Facsimile: (215) 733-0876
Email: aread@friendsfw.org

D. Michael Dale
        Oregon Bar No 771507
Northwest Workers' Justice Project
917 SW Oak, Suite 412
Portland, OR 97205
Telephone: (503) 535-8545
Facsimile: (503) 946-3089
Email: michael@nwjp.org

Silas M. Shawver
        California Bar No: 241532
Centro de los Derechos del Migrante
1801 Falls Rd. #3 D
Baltimore, MD 21201
Telephone: (800) 401-5901
Facsimile: 011 (52) 492 925.2511
Email: silas@cdmigrante.org

Clermont L. Fraser
        North Carolina Bar No. 36761
North Carolina Justice Center
P.O. Box 28068
Raleigh, NC  27611
Telephone:  (919) 861-0606
Fax:     (919) 856-2175 (fax)
Email:  clermont@ncjustice.org

                    Attorneys for Defendant Intervenors

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 19, 2011, a true and correct copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by email to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

s/    Katie M. Schwartzmann_____

Katie Schwartzmann
      Louisiana Bar No. 30295
Southern Poverty Law Center
4431 Canal Street
New Orleans, La 70119-5946
Telephone: (504) 486-8982
Facsimile: (504) 486-8947
Email: Katie.Schwartzmann@splcenter.org